UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT ANTHONY LIGGETT, | ) | 1:06-CV-0447 AWI JMD HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| D.L. RUNNELS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Kern County Superior Court. A jury found Petitioner guilty of residential burglary. The trial court sentenced Petitioner to 41 years to life after finding true all of the charged sentencing enhancements. (Answer at 1-2.)

Petitioner appealed to the California Court of Appeal. The court affirmed the judgment. (Answer at 2; Lodged Docs. 1-4.)

Petitioner filed a petition for review in the California Supreme Court. The court summarily denied review. (Answer at 2; Lodged Doc. 5.)

On April 18, 2006, Petitioner filed the instant petition in this Court. The petition raises the

following two grounds for relief: 1) denial of motion for change of venue violated Petitioner's due process rights; and 2) ineffective assistance of trial counsel.

On June 27, 2007, Respondent filed an answer to the petition.

**FACTUAL BACKGROUND**[1]

Defendant was arrested outside the home of Kern County Superior Court Judge Gary Witt after a struggle with the police. The police had responded to Mrs. Witt's call from her car parked two doors down. She had seen a man on the front porch and heard him rattle the doorknob. He had then gone into the backyard and torn open a bathroom window screen. Mrs. Witt fled in her car and called the police.

After Petitioner was arrested, Mrs. Witt returned to find the house ransacked. Pillow cases had been filled with valuables. The Witts' ice chest had been filled with their property and moved to the backyard.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only

---

[1] The facts are derived from the factual summary set forth by the California Court of Appeal in its opinion of March 29, 2005. (Lodged Doc. 4.)

applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

## II.  Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412.  "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1).  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court

identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

### III. Review of Petitioner's Claims

#### A. Grounds One and Two

Petitioner argues that the denial of his motion for change of venue violated his due process rights because it denied him a trial with a fair and impartial judge. Petitioner claims that his case should have been transferred from the Kern County Superior Court because the victims were a Kern County Superior Court judge and his wife. Petitioner further argues that his trial counsel was ineffective in failing to argue that the entire Kern County bench should have been disqualified under federal due process principles.

These claims were presented in an appeal to the California Court of Appeal, which affirmed the judgment. (Lodged Docs. 1-4.) The issues were then presented to the California Supreme Court, which summarily denied review. (Lodged Doc. 5.) The California Supreme Court, by its "silent

order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claims, the Court of Appeal found that Petitioner did not make a showing of potential judicial bias, as there was no evidence demonstrating that the trial judge had a close relationship with the victims or that there would be even a "possible temptation" for the trial judge to act with partiality. (Lodged Doc. 4 at 7-9.)

"A fair trial in a fair tribunal is a basic requirement of due process.  Fairness of course requires an absence of actual bias in the trial of cases.  But our system of law has always endeavored to prevent even the probability of unfairness.  To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome.  That interest cannot be defined with precision.  Circumstances and relationships must be considered. . . . Every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused denies the latter due process of law." <u>In re Murchison</u>, 349 U.S. 133, 136 (1955) (quotation marks omitted).

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). <u>Canales v. Roe</u>, 151 F.3d 1226, 1229 (9th Cir. 1998).  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>Lowry v. Lewis</u>, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment.  <u>Strickland</u>, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances.  <u>Id.</u> at 688; <u>United States v. Quintero-Barraza</u>, 78 F.3d 1344, 1348 (9th Cir. 1995).  Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different."  <u>Strickland</u>, 466 U.S. at 694.

The state court's determination was not unreasonable.  The trial judge stated his reasons for

not recusing himself as follows:

> I don't socialize with Judge Witt and his wife, although I believe–I mean, I say hello to them when I see them, but it's not something that our families are acquainted, although I think Mr. Witt's–one of his daughters–I assume it's the eldest–attended either Bakersfield College or Garces with my son. I've never met the girl, to my knowledge, but Mrs. Witt has indicated, at I think the judges' appreciation dinner, to say hi to Gary Jr., who's going up to Fresno State now, because apparently he knows her daughter. That's the only contact that I've had with them.

(RT at 153-54.) Petitioner has not shown that Judge Friedman had any actual interest in the outcome of the case or that he had any significant relationship with the victims that would tempt an average judge to be partial toward them. Petitioner has therefore not shown that his due process rights were violated or that he suffered prejudice from counsel's failure to raise the due process claim.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 19, 2008**          /s/ John M. Dixon
                                          UNITED STATES MAGISTRATE JUDGE